■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARIANO DIAZ-ROSA, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted. Memorandum: During the course of the trial a statement claimed to have been a confession of the defendant was received in evidence. Part of this statement had been deleted at the time it was made and before it was signed by defendant. The District Attorney did not contend that the defendant had admitted or confessed to the deleted part, and when the statement was read to the jury that part was omitted. Nevertheless, at the conclusion of the case and during deliberation the jury asked to see the exhibits. Defendant's counsel objected but, through inadvertence, the Judge permitted the exhibits, including the so-called confession, to go to the jury over such objection. The deletion was attempted by merely drawing a line across the language in such a fashion it could easily be read. The language in question is: "During a search of my room in barracks No. 448 on 3 Jun 63, Mr. GOSSIN found in the wastepaper basket in my room a partially smoked cigarett. This cigarette is a marijuana cigarett that I had forgotten that I had put in the wastepaper basket. The reason that the reason [*sic*] is partially smoked is because I used to let possible customers take a puff to try them out." Thus the jury received, and may well have considered, a so-called confession that the defendant had not made. The content was vital, because it was at variance with the contentions of the defendant through his counsel during the trial, and it was highly prejudicial in any event. The charge was selling marijuana cigarettes, and there could be nothing much more harmful before a jury in such a case than a statement that the defendant "used to let possible customers take a puff to try them out". There was nothing in the charge relating to the deleted portion. The jury was not told, of course, that it should be disregarded, and naturally so because it was not in evidence. We may not say that the jury, of its own volition, disregarded this part of the statement simply because it appears to have been crossed out, because the jury had not been so instructed. The deleted, but easily readable, part of the statement may well have been the determining factor in inducing the verdict that was rendered. We may not speculate as to this. In any event, the defendant did not receive a fair trial and this case must be retried. Furthermore, in connection with this so-called confession, problems

may be present under the procedural standards established in *Jackson* v. *Denno* (378 U. S. 368). Upon a new trial these matters may be considered and if the *Jackson-Denno* rule is applicable it may be followed. (Appeal from judgment of Oneida County Court convicting defendant of violation of subdivision 1 of section 1751 of the Penal Law, a felony.) Present — Williams, P. J., Goldman, Henry, Noonan and Del Vecchio, JJ.